# Exhibit B

Michael C. Robinson, Jr. (SBN 120308)
Orion S. Robinson (SBN 293796)
Michael B. Yee (SBN 283713)
**ROBINSON DI LANDO**
**A Professional Law Corporation**
801 S. Grand Ave, Suite 500
Los Angeles, California 90017
Telephone: (213) 229-0100
Facsimile: (213) 229-0114
E-mail: mrobinson@rdwlaw.com;
orobinson@rdwlaw.com;
myee@rdwlaw.com

Attorneys for Defendants
LOYAL SOURCE GOVERNMENT SERVICES, LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| MONIQUE PEMBRICK, an individual, on behalf of herself and all others similarly situated, | Case No. 37-2024-00022267-CU-OE-CTL |
| Plaintiffs, | **DEFENDANT LOYAL SOURCE GOVERNMENT SERVICES, LLC'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT** |
| v. | |
| LOYAL SOURCE GOVERNMENT SERVICES, LLC, a Florida Limited Liability Company; and DOES 1-50, inclusive | Action Filed:  May 17, 2024 |
| Defendants. | Trial Date:    None Set |

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

Defendant LOYAL SOURCE GOVERNMENT SERVICES, LLC ("Defendant") answers the class action complaint (the "Complaint") filed by plaintiff MONIQUE PEMBRICK ("Plaintiff") on behalf of herself and all other similarly situated persons (collectively, "Plaintiffs") as follows:

## GENERAL DENIAL

In accordance with California Code of Civil Procedure section 431.30(d), Defendant generally and specifically denies each and every allegation and cause of action in Plaintiffs' Complaint, and further denies that any of Plaintiffs' or the alleged putative class members' rights were violated, that Plaintiffs or the alleged putative class member have been damaged in any sum or manner at all, or that Plaintiff or the alleged putative class members are entitled to any legal or equitable relief from Defendant.

## AFFIRMATIVE DEFENSES

As separate and further defenses to the Complaint, Defendant alleges, based on information and belief, the affirmative defenses listed below. By asserting these affirmative defenses, Defendant does not in any way argue or concede that it has the burden of proof or persuasion on any of these issues. Defendant presently has insufficient knowledge or information from which to form a belief as to whether it may have additional affirmative defenses available to Defendant. Defendant therefore reserves the right to assert additional defenses that may become available or apparent during discovery and to amend this Answer accordingly.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     The Complaint and the causes of action therein fail to state facts sufficient to constitute a cause or causes of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

2.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches.

///

///

///

2

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel/Res Judicata)

3.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of collateral estoppel and/or res judicata.

### FOURTH AFFIRMATIVE DEFENSE

### (Judicial Estoppel)

4.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of judicial estoppel.

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

### (Knowledge, Consent, and Ratification)

7.    Plaintiffs' claims are barred, in whole or in part, because Plaintiff and the putative class members consented to and approved the alleged conduct about which they now complain.

### EIGHTH AFFIRMATIVE DEFENSE

### (Causation/Contribution by Plaintiff's Own Acts)

8.    Plaintiffs' claims are barred, in whole or in part, because the injuries and/or damages alleged in the Complaint were proximately caused by, occurred, and/or were contributed to by Plaintiff and the putative class members' own acts or failures to act.  Plaintiff and the putative class members failed to exercise reasonable and ordinary care, caution, or prudence.  Defendant's conduct was not the cause in fact or the proximate cause of any injury on which Plaintiffs now sue.

///

///

3

**ROBINSON DI LANDO**
A Professional Law Corporation
Los Angeles, California

1              **NINTH AFFIRMATIVE DEFENSE**

2           **(Causation/Contribution by Third-Party Acts)**

3        9.    Plaintiffs' claims are barred, in whole or in part, because the injuries and/or damages

4  alleged in the Complaint were proximately caused by, occurred because of, and/or were contributed

5  to by acts or failures to act by third parties.

6             **TENTH AFFIRMATIVE DEFENSE**

7                **(Privilege/Good Cause)**

8        10.    Plaintiffs' claims are barred, in whole or in part, because all acts of Defendant

9  affecting the terms and/or conditions of Plaintiff's and the putative class members' employment

10  were privileged and done with good cause.

11           **ELEVENTH AFFIRMATIVE DEFENSE**

12  **(Failure to Exhaust Administrative Remedies/ Provide Sufficient Notice)**

13        11.    Plaintiffs' claims are barred, in whole or in part, because Plaintiff and the putative

14  class members failed to provide sufficiently detailed written notice to Defendant and/or the Labor

15  and Workforce Development Agency, and/or included allegations in the Complaint that fall outside

16  the scope of Plaintiff and the putative class members' notices, and/or failed to provide notice before

17  asserting a claim against a payment bond.

18           **TWELFTH AFFIRMATIVE DEFENSE**

19          **(No Employment/Standing)**

20        12.    Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiff and the

21  putative class members were not employed by Defendant or Plaintiff otherwise lacks standing.

22          **THIRTEENTH AFFIRMATIVE DEFENSE**

23             **(Independent Contractor)**

24        13.    Plaintiffs' claims are barred, in whole or in part, because Plaintiff and the putative

25  class members were engaged as independent contractors for Defendants.

26  ///

27  ///

28  ///

4

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

14.     Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to the California Code of Civil Procedure, beginning with Section 335, and continuing through Section 349.4, specifically sections 335.1, 337, 338, 339, 340, 343, and California Business & Prof. Code §§16750.1 and 17208.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Arbitration/Alternative Dispute Resolution)

15.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claims are subject to mandatory, binding arbitration under an arbitration agreement Plaintiff and the putative class members agreed to in connection with their employment with Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

16.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claims are preempted by federal law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Settlement/Release)

17.     Plaintiffs' claims are barred, in whole or in part, because Plaintiff and the putative class members released the claims for which they now seek relief.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Compliance with California Labor Code)

18.     Plaintiffs' claims are barred, in whole or in part, because Defendant fully complied with the terms of, and performed its duties and obligations under, applicable provisions of the California Labor Code.

///
///
///
///

5

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NINETEENTH AFFIRMATIVE DEFENSE

### (Compliance with California Industrial Welfare Commission)

19.    Plaintiffs' claims are barred, in whole or in part, because Defendant fully complied with the terms of, and performed their duties and obligations under, applicable orders of the California Industrial Welfare Commission.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Plaintiffs' Bad Faith)

20.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claims are frivolous, unreasonable, and groundless.  Plaintiffs bring this Complaint in bad faith.  Accordingly, Defendant should be awarded its reasonable attorneys' fees pursuant to California Civil Code section 128.5.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Plaintiffs' Willful Misconduct)

21.    Plaintiffs' claims are barred, in whole or in part, by Plaintiff and the putative class members' willful misconduct.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Plaintiffs' Carelessness, Recklessness, and/or Negligence)

22.    Plaintiffs' claims are barred, in whole or in part, by Plaintiff and the putative class members' carelessness, recklessness, and/or negligence in the matters complained of in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Defendant's Good Faith)

23.    Plaintiffs' claims are barred, in whole or in part, because Defendant acted in good faith at all times with respect to Plaintiff and the putative class members' employment, meal periods, rest periods, reimbursement, wage statements, and wages due upon termination.

///

///

///

6

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Good-Faith Dispute)

24.    Plaintiffs' claims are barred, in whole or in part, because a good-faith dispute exists as to the existence and amount of any alleged unpaid wages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Willful Failure to Pay Wages)

25.    The Complaint fails to state a claim for penalties under California Labor Code section 203 because any failure by Defendant to pay wages to Plaintiff and the putative class members was not willful, and there is a good-faith dispute as to whether Defendant is obligated to pay any of the wages alleged by Plaintiffs to be due and owing.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Exempt Employee/Exemption from Wage-and-Hour Regulations)

26.    Plaintiffs' claims are barred, in whole or in part, because Plaintiff and the putative class members were exempt employees, and/or Plaintiff and the putative class members were otherwise exempt from California wage-and-hour regulations.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Meal or Rest Period Violations)

27.    Plaintiffs' claims are barred, in whole or in part, because Plaintiff and the putative class members were not entitled to meal and/or rest periods, and if they were entitled to meal and/or rest periods, actually did take the meal and/or rest periods, and/or were permitted and authorized to take the meal and/or rest periods.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Nature of the Work Permits On-Duty Meal Periods)

28.    Plaintiffs' claims are barred, in whole or in part, because Defendant's business and/or the nature of Plaintiff and the putative class members' work may prevent Plaintiff and the putative class members from being relieved of all duty for a 30-minute meal period.  Plaintiff and the putative class members entered into a written agreement with Defendant regarding on-the-job meal periods as provided by California Industrial Welfare Commission Order No. 9, section 11(C).

7

1  Those written agreements state that Plaintiff and the putative class members may, in writing, revoke
2  the agreement at any time.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

**(Plaintiffs' Conduct Prevented Defendant's Payment of Wages)**

29.     Plaintiffs' claims are barred, in whole or in part, because Plaintiff and the putative class members refused Defendant's payment of wages and/or secreted themselves to avoid Defendant's payment of wages.  As a result, Defendant was unable to pay wages due Plaintiff and the putative class members.

### THIRTIETH AFFIRMATIVE DEFENSE

**(No Further Compensation Due)**

30.     Plaintiffs' claims are barred, in whole or in part, because Plaintiff and the putative class members were not entitled to any further compensation.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

**(Offset)**

31.     To the extent that Plaintiff and the putative class members were paid any compensation by Defendant beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid wages, unreimbursed expenses, or other monetary relief.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

**(Bus. & Prof. Code § 17200 - No Restitution, Declaratory Relief, and/or Injunctive Relief)**

32.     Defendant alleges that the request for restitution, declaratory relief, and/or injunctive relief is barred with respect to any and all alleged violations of California Business and Professions Code section 17200, et seq. that have discontinued, ceased, and are not likely to occur.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

**(Bus. & Prof. Code § 17200—Not Unfair, Unlawful, Fraudulent, or Deceptive)**

33.     Defendant alleges that its business actions or practices were not unfair, unlawful, fraudulent, or deceptive within the meaning of California Business and Professions Code section 17200 et seq.

DEFENDANT LOYAL SOURCE GOVERNMENT SERVICES, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Damages)

34.     Plaintiff and the putative class members did not suffer any legally cognizable damages resulting from the alleged matters set forth in the Complaint.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

35.     Plaintiffs' claims are barred, in whole or in part, because Plaintiff and the putative class members failed to take all reasonable, necessary, and appropriate action to mitigate any purported damages resulting from the alleged matters set forth in the Complaint.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Damages are Speculative and Uncertain)

36.     The Complaint's requests for damages against Defendant are barred because Plaintiff and the putative class members' damages, if any, are speculative, uncertain, and incapable of being ascertained.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Unconstitutional/Excessive Penalties)

37.     Each claim for a penalty remedy is barred, in whole or in part, because the penalty sought is not commensurate with the harm suffered and thus violates the due process and excessive penalty protections afforded Defendant by the state and federal constitutions.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

38.     The Complaint fails to state facts sufficient to support a claim upon which attorneys' fees may be awarded.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

39.     Plaintiffs are precluded from recovering any punitive damages because Defendant did not engage in oppressive, fraudulent, or malicious conduct toward Plaintiff and the putative class members. Cal. Civ. Code § 3294.

9

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

## FORTIETH AFFIRMATIVE DEFENSE

### (Lack of Manageability)

40.     Plaintiffs' claims are barred, in whole or in part, because of the difficulties likely to be encountered that render the representative action unmanageable.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (No Ascertainable Representative Group/Class)

41.     Plaintiffs' claims are barred, in whole or in part, because Plaintiff seeks to recover damages and/or penalties for a representative group/class that is not ascertainable.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Not Aggrieved Employees/Failure to Identify)

42.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiff seeks to recover damages and/or penalties on behalf of individuals who are not aggrieved employees, and/or because Plaintiff fails to identify any other alleged aggrieved employees.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Inadequate Class Representative)

43.     Plaintiffs' claims are barred, in whole or in part, because Plaintiff is an inadequate class representative for the claims asserted.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Uncertifiable Putative Class)

44.     Plaintiffs' claims are barred, in whole or in part because Defendant has not engaged in actions of the kind alleged that are generally applicable to putative class members, and this action is therefore not properly maintainable and/or does not qualify for certification under the class-action requirements.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (No Commonality)

45.     Defendant alleges that questions of law and fact common to putative class members do not predominate over questions affecting individual members of the proposed class.  This action is therefore not appropriate for certification as a class action.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (No Typicality)

46.     Plaintiffs' claims are barred, in whole or in part, because Plaintiff cannot establish that his claims are typical of those of the putative class members. This action is therefore not appropriate for certification as a class action.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Numerosity)

47.     Plaintiffs' claims are barred, in whole or in part, because Plaintiff cannot establish that members of the class are so numerous that joinder is impracticable.  This action is therefore not appropriate for certification as a class action.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Community of Interest)

48.     Defendant alleges that the class allegations in the Complaint are improper as a matter of law because there is no community of interest in the claims asserted by Plaintiffs.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (Risk of Inconsistent Adjudications)

49.     Defendants allege that Plaintiff's claims create a risk of disposing of or impairing the claims, interests, or rights of absent class members.

## FIFTIETH AFFIRMATIVE DEFENSE

### (Actions Adverse to Class Members)

50.     Defendant alleges that Plaintiff's claims are barred and/or reduced by virtue of Plaintiff and their attorneys having taken actions for their own benefit that are adverse and inimical to the interests of the putative class members, and by purporting to act when Plaintiff has and had irreconcilable conflicts of interest with the putative class members, rendering any judgment, award, or settlement void or voidable.

///

///

///

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (No Predominance and Superiority)

51.     Defendants allege that Plaintiff cannot establish a predominance of common issues over individual issues or that the class action is superior to other means of litigating the case.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Knowledge)

52.     Plaintiffs' claims are barred, in whole or in part, because Defendants and their officers, directors, managing agents, or managerial or supervisory employees, sufficiently knew or should have known of any alleged unlawful conduct.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

### (Not Hours Worked/Failure to Accurately Report Hours Worked)

53.     Plaintiffs' claims are barred, in whole or in part, because Plaintiff and the alleged aggrieved employees did not accurately report the hours for which alleged unpaid wages, overtime, and penalties are sought, and/or some or all of the hours for which compensation is claimed are not considered hours worked under California law.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

### (Hours Worked Were De Minimis)

54.     Plaintiffs' claims are barred, in whole or in part, because the alleged uncompensated time Plaintiff and the alleged aggrieved employees spent working or working overtime was de minimis.  Further, some or all of the amounts claimed by Plaintiffs in the Complaint are barred by the de minimis doctrine.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

### (No Knowing or Intentional Failure to Keep Records)

55.     Plaintiffs' claims are barred, in whole or in part, because Defendant's failure to keep adequate records, if any, was not knowing or intentional.

///

///

///

DEFENDANT LOYAL SOURCE GOVERNMENT SERVICES, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

### (No Common Questions of Law and Fact)

56.    Defendant alleges that questions of law and fact common to putative class members do not predominate over questions affecting individual members of the proposed class. Therefore, this action is not appropriate for certification as a class action.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

57.    Defendant alleges that the Complaint fails to state facts sufficient to support any granting of extraordinary or equitable relief, and otherwise has adequate remedies at law.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

### (PAGA Unconstitutional)

58.    Defendant alleges that Plaintiff is not entitled to recover civil penalties or wages pursuant to Labor Code sections 558, 558.1, and 2698 et. seq, under the Private Attorneys General Act ("PAGA"), on the grounds that PAGA violates the United States and California Constitutions, in that: (1) such damages are so punitive in purpose and effect as to constitute excessive fines and unusual punishment in violation of the Excessive Fines Clause (U.S. Const., amend. VIII); (2) the imposition of such damages would violate Defendants' right to due process and/or equal protection under the law, under the United States and California Constitutions; and (3) PAGA violates the Separation of Powers Doctrine (see Cal. Const. art. IV, section 1).

### FIFTY-NINTH AFFIRMATIVE DEFENSE

### (Payment)

59.    Defendant alleges that Plaintiff and the putative class members have been paid all sums earned by them and that are due and owing to them by virtue of their performance of work as alleged in the Complaint.

### SIXTIETH AFFIRMATIVE DEFENSE

### (No Regular Business Practice)

60.    Plaintiff's Complaint fails to establish a regular business practice or unlawful pattern of conduct by Defendants.

DEFENDANT LOYAL SOURCE GOVERNMENT SERVICES, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

## SIXTY-FIRST AFFIRMATIVE DEFENSE

### (No Waiting Time Penalties)

61.    Defendant is informed and believe and based thereon allege that to the extent Plaintiff seeks statutory penalties for an alleged willful failure to comply with the requirements of the California Labor Code, such penalties are barred or must be reduced because Defendant did not willfully violate the requirements of California Labor Code sections 201, 202 and 203, or any applicable California Labor Code section, and a good faith dispute exists concerning such alleged violations.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

### (No Actual Injury)

62.    Plaintiff and the putative class did not suffer actual injuries and therefore cannot recover damages or statutory penalties under California Labor Code section 226.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

### (Penalties)

63.    The Complaint fails to allege facts sufficient to establish a claim for penalties.

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

64.    Plaintiff has a duty to use such means as are reasonable under the circumstances to avoid or mitigate alleged damages that result from statutory violations, if any. To the extent there was any statutory violation (which is not admitted but considered solely for purposes of this affirmative defense), Plaintiff unreasonably failed to avoid or reduce harm.

## SIXTY-FIFTH AFFIRMATIVE DEFENSE

### (Immunity)

65.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action set forth therein alleged against Defendant is barred, in whole or in part, because actions taken with respect to Plaintiff's employment, if any, were based on an honest, reasonable, and good faith belief in the facts as known and understood at the time and is therefore immune from liability.

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

## SIXTY-SIXTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

66.    Plaintiff's Complaint is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence Defendant has presently and/or may acquire during the course of this litigation.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

### (Bad Faith Claims)

67.    The allegations and claims asserted in the Complaint have always been and continue to be frivolous, groundless and without merit. Plaintiff has brought this action in bad faith.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Plead with Certainty and Particularity)

68.    The allegations of the Complaint and each purported cause of action contained therein are not pled with sufficient particularity and are uncertain, vague, ambiguous and unintelligible.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

### (Mistake of Fact and Mistake of Law)

69.    Defendant is informed and believe and thereon allege that Plaintiff's claims are barred by either a mistake of fact or a mistake of law or both.

## SEVENTIETH AFFIRMATIVE DEFENSE

### (Labor Code Section 204)

70.    Defendant alleges that the Complaint is limited or subject to an absolute bar because Defendant has complied with Labor Code section 204.

## SEVENTY-FIRST AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

71.    If any wages have not been paid to Plaintiffs, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

DEFENDANT LOYAL SOURCE GOVERNMENT SERVICES, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

## SEVENTY-SECOND AFFIRMATIVE DEFENSE

### (Penalties)

72.    The Complaint fails to allege facts sufficient to establish a claim for penalties under the California Labor Code, including but not limited to, Sections 226, 558, 558.1, and 2699, *et seq*.

## SEVENTY-THIRD AFFIRMATIVE DEFENSE

### (Adequate Legal Remedy)

73.    Plaintiff's claims for equitable relief are barred because Plaintiff has an adequate and complete remedy at law, and/or Plaintiff cannot make the requisite showing to obtain injunctive relief in a labor dispute under California Labor Code sections 1138.1 *et seq.*

## SEVENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Basis for Class Claims)

74.    Plaintiff cannot establish the requirements for certification of a class under California Code of Civil Procedure section 382.

## SEVENTY-FIFTH AFFIRMATIVE DEFENSE

### (Expenses Not Necessary)

75.    Assuming Plaintiffs incurred an expense in direct consequence of her employment, such expense was not necessary or reasonable.

## SEVENTY-SIXTH AFFIRMATIVE DEFENSE

### (Improper UCL Representative Action)

76.    Plaintiff's Cause of Action for violations of California Business and Professions Code sections 17200 *et seq.,* is barred under Proposition 64 as an improper representative action to the extent Plaintiff is attempting to bring claims on behalf of others without meeting all class action procedural requirements.

## SEVENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Legal Remedy)

77.    Plaintiffs are barred from recovering under the Complaint, and in particular, under the tenth cause of action alleged therein, in whole or in part, under the "safe harbor defense," which

16

precludes Plaintiffs from stating a claim through California Business and Professions Code § 17200 *et seq.* when such a claim would be barred under the principles of law.

### **PRAYER**

Defendants pray for judgment on Plaintiffs' Complaint as follows:

1.     That Plaintiff and the putative class members take nothing by their Complaint against Defendant, and that judgment be entered in favor of Defendant on each and every cause of action in the Complaint;

2.     That Defendant recover its costs of suit to date;

3.     That Defendant recover its reasonable attorneys' fees to date, to the extent permitted by applicable statute or law; and

4.     That the Court awards such additional relief as it deems just and proper.


DATED:  June 17, 2024

ROBINSON DI LANDO
A Professional Law Corporation


By: _____

Michael C. Robinson
Orion S. Robinson
Michael B. Yee

Attorneys for Defendant
LOYAL SOURCE GOVERNMENT SERVICES, LLC

DEFENDANT LOYAL SOURCE GOVERNMENT SERVICES, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I am employed in the county of Los Angeles, state of California.  I am over the age of 18 and not a party to the within action; my business address is 801 South Grand Avenue, Suite 500, Los Angeles, California 90017.

      On **June 17, 2024,** I served the foregoing document(s) described as: **DEFENDANT LOYAL SOURCE GOVERNMENT SERVICES, LLC'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT,** on the interested parties in this action as follows:

| | |
|---|---|
| Mehrdad Bokhour, Esq.<br>BOKHOUR LAW GROUP, P.C.<br>1901 Avenue of the Stars, Ste. 450<br>Los Angeles, CA 90067<br>Telephone: (310) 975-1493<br>Facsimile: (310) 675-0861<br>Email: Mehrdad@bokhourlaw.com | *Attorneys for Plaintiffs*<br>*MONIQUE PEMBRICK* |
| Joshua S. Falakassa, Esq.<br>FALAKASSA LAW, P.C.<br>1901 Avenue of the Stars, Ste. 450<br>Los Angeles, CA 90067<br>Telephone: (818) 456-6168<br>Facsimile: (888) 505-0868<br>Email: josh@falakassalaw.com | *Attorneys for Plaintiffs*<br>*MONIQUE PEMBRICK* |

[X]   <u>BY PLACING</u> [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) to the notification address(es) of record and transmitting via:

[X]   <u>U.S. MAIL:</u>   I caused such envelope(s) to be delivered by first-class mail.  I am "readily familiar" with the firm's practice of collection and processing mail.  It is deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
[]    <u>OVERNIGHT DELIVERY</u>:  I caused such envelope(s) to be delivered by overnight delivery by close of business the next business day.
[ ]   <u>PERSONAL DELIVERY</u>:  I caused such envelope(s) to be delivered by hand to the notification address(es) of record by an employee or independent contractor of a registered California process service.

[x]   <u>ELECTRONIC TRANSMISSION</u>:  I electronically transmitted a true and correct copy thereof to the email address(es) of record before close of business for the purpose of effecting service and the transmission was reported as complete and without error.

[X]   STATE:  I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

[]   FEDERAL:  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

Executed on **June 17, 2024,** at Los Angeles, California.



_____
Cindy Estrada

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2